PEOPLE v BELL

Docket No. 111218. Submitted October 3, 1989, at Lansing. Decided
    October 31, 1989.

Following a bench trial in the Kalamazoo Circuit Court, Reginald
    E. Bell was convicted of two counts of resisting or obstructing a
    police officer in the act of preserving the peace and one count of
    trespassing. The trial court, Philip D. Schaefer, J., sentenced
    defendant as `a second felony offender to two to three years
    imprisonment and ninety days in jail for the respective convic-
    tions. Defendant appealed alleging that the security guards
    which he assaulted were not acting as police officers at the time
    he assaulted them.

The Court of Appeals *held:*

1. The evidence supports the trial court's finding that the
    officers were acting as police officers when defendant assaulted
    them.

2. Since defendant was charged with trespassing after his
    entry was forbidden, his refusal to leave was not a necessary
    element and the prosecutor was not required to prove that
    defendant was given an opportunity to leave the premises but
    refused. There was sufficient evidence supporting defendant's
    convictions.

Affirmed.

1. CRIMINAL LAW — RESISTING OR OBSTRUCTING A POLICE OFFICER —
    PRIVATE SECURITY GUARDS.

A defendant may be convicted of resisting or obstructing a police
    officer in the act of preserving the peace where the defendant
    assaulted a police officer who witnessed the defendant commit a
    breach of the peace by trespassing while the officer was in his
    full police uniform and was working as a security guard for the
    private sector and the city had authorized the hiring of police
    officers to serve in such off-duty capacities by the private sector;
    the officer had a duty to act as a police officer upon witnessing

REFERENCES
Am Jur 2d, Obstructing Justice §§ 71, 73; Trespass §§ 87, 88.
See the Index to Annotations under Obstructing Justice; Police and
    Law Enforcement Officers; Trespass.

defendant commit a breach of the peace by trespassing (MCL 750.479; MSA 28.747).

2. Trespass — Forbidden Entry.

A defendant may be convicted of trespassing after his entry was forbidden without proof that the defendant was given an opportunity to leave the premises but refused; a refusal to leave is not a necessary element of such an offense (MCL 750.552; MSA 28.820[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Karen M. Hayter,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for defendant on appeal.

Before: Hood, P.J., and Cynar and Griffin, JJ.

Per Curiam. Following a bench trial, defendant was convicted of two counts of resisting or obstructing a police officer in the act of preserving the peace, MCL 750.479; MSA 28.747, and one count of trespassing, MCL 750.552; MSA 28.820(1). Defendant was sentenced as a second felony offender to two to three years imprisonment and ninety days in jail respectively. Defendant appeals as of right. We affirm.

Defendant first argues that at the time of the assault the officers were not acting as police officers, but were agents of a privately owned establishment. Therefore, the evidence was insufficient to support his conviction for resisting or obstructing a police officer. We disagree. While the officers were working as security guards at Burger King at the time of the assault, the City of Kalamazoo had authorized the hiring of officers to serve in such off-duty capacities by the private sector. The officers were in full uniform of the Kalamazoo Police

Department and witnessed defendant commit a breach of the peace by trespassing. Consequently, they had a duty to act as police officers. When reviewing this evidence in a light most favorable to the prosecution, we cannot say that the trial court was unjustified in finding that the officers were acting as police officers when defendant assaulted them. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985).

Defendant next contends that, in order to support a conviction for trespass, the prosecutor was required to prove that defendant was given an opportunity to leave the premises but refused. However, our review of the record indicates that defendant was charged with trespassing after his entry was forbidden. Under this type of trespass, refusal to leave is not a necessary element. See MCL 750.552; MSA 28.820(1). There was sufficient evidence supporting defendant's conviction.

Affirmed.